NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2682
_____

PAULA KEARNS,
Appellant

v.

BRISTOL TOWNSHIP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-04353)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2016

Before:  McKEE, *Chief Judge*, FISHER, and GREENAWAY, JR., *Circuit Judges*.

(Filed: August 5, 2016)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

In this Age Discrimination in Employment Act of 1967 (ADEA) case, appellant

Paula Kearns sought injunctive relief and damages against appellee Bristol Township for

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

her employment termination. The district court entered summary judgment in Bristol Township's favor. We find that the district court correctly granted summary judgment and will affirm.

I

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Beginning in November 2010, Paula Kearns was employed by Bristol Township as its human resources manager. In January 2012, the Bristol Township Board was reconfigured. William McCauley III was hired at this time as Bristol Township Manager. The board instructed McCauley to replace the managers of Bristol Township's offices. McCauley did not replace the managers immediately and instead decided to evaluate their job performance prior to replacement.

From January 2012 until June 2013, when Kearns left Bristol Township, Kearns and McCauley repeatedly disagreed about the manner in which the human resources department should be run. Among other things, they disagreed about the hiring, retention, and payment of seasonal Bristol Township workers, and about whether a worker should be classified as an independent contractor. McCauley accused Kearns of failing to run background checks on seasonal workers. McCauley met with Kearns in June 2013 and informed her that she should begin searching for a new position. At that meeting, Kearns

offered to resign but her resignation was not accepted. Kearns raised her voice at McCauley and informed him that he "does not ever thank anyone for doing a good job."[1]

Two days after that confrontation, McCauley and Kearns met again in McCauley's office, and McCauley informed Kearns that she had until Monday to decide whether or not to resign with benefits due to her previous outburst. McCauley mentioned that Kearns should train her replacement and in return he would not contest her unemployment benefits. After that meeting Kearns left the office and did not communicate further with McCauley. Kearns returned to the office the following Monday, and she submitted her resignation and cleared out her desk without speaking to McCauley as he was not in the office. Kearns argues her resignation was effectively a termination.

Kearns was sixty-three years old at the time of her resignation. After Kearns left Bristol Township, Mary Kate Murphy, aged thirty-nine, temporarily fulfilled the duties of Human Resources Manager. Thomas Scott, aged forty-nine, permanently filled the position in January 2014. Kearns sued Bristol Township in the District Court for the Eastern District of Pennsylvania alleging age discrimination in violation of the ADEA.

The case was decided before trial, after Bristol Township and Kearns filed cross motions for summary judgment. The district court granted Bristol Township's motion; Kearns's motion was denied and this timely appeal followed.

---

[1] App. 169a.

## II[2]

We review the district court's grant of summary judgment de novo and apply the same standards as the district court.[3] Summary judgment is appropriate when no material facts are genuinely disputed and the movant is entitled to judgment as a matter of law.[4] On a review of an order granting summary judgment, we view the evidence in the light most favorable to the nonmoving party.[5]

Kearns contends that the district court erred by granting Bristol Township's summary judgment motion for two reasons. One, there is a genuine dispute of material fact whether Bristol Township proffered a legitimate, nondiscriminatory reason for Kearns's removal. Two, this lack of sufficient evidence of a legitimate reason indicates pretext, and the district court should have permitted a jury to decide both of these issues.

Under the ADEA, it is unlawful for an employer to terminate an employee because of the employee's age.[6] In order to prove discrimination under the ADEA, the plaintiff must establish, by a preponderance of the evidence, that age was the "but for" cause of termination.[7] And in reviewing an order for summary judgment in an ADEA case, we follow the familiar burden-shifting framework set out by the Supreme Court in

---

[2] The district court had subject matter jurisdiction over the ADEA claim under 28 U.S.C. § 1331. We have appellate jurisdiction to review the district court's final decision under 28 U.S.C. § 1291.

[3] *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011).

[4] Fed. R. Civ. P. 56(a).

[5] *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).

[6] 29 U.S.C. § 623(a).

[7] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *Willis*, 808 F.3d at 644.

4

*McDonnell Douglas Corp. v. Green.*[8] The framework begins with the establishment of a

prima facie case through the determination that (1) the plaintiff is over forty years old; (2)

the employer took an adverse employment action against the plaintiff; (3) the plaintiff

was qualified for the position; and (4) the plaintiff was replaced by a sufficiently younger

employee.[9] Next, once the plaintiff has established a prima facie case, the burden of

production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for

the adverse action.[10] This burden is light because the employer does not have to prove

that the articulated reason was the actual reason for the adverse employment action; the

defendant need only produce evidence from which a factfinder could conclude that

discrimination was not the reason for the adverse action.[11]

If the defendant carries this burden, the plaintiff must then prove, by a

preponderance of the evidence, that the reason proffered by the defendant is a pretext.[12]

Pretext can be proven with evidence that either (1) casts sufficient and reasonable doubt

upon the legitimate reasons offered by the defendant; or (2) allows the inference that

discrimination was more likely than not a motivating or determinative factor.[13]

---

[8] 411 U.S. 792 (1973); *Willis,* 808 F.3d at 644 ("Age discrimination claims in which the plaintiff relies on circumstantial evidence proceed according to the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green.*" (citation omitted)).

[9] *Willis,* 808 F.3d at 644.

[10] *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994).

[11] *Willis,* 808 F.3d at 644.

[12] *Fuentes,* 32 F.3d at 763.

[13] *Burton v. Teleflex, Inc.*, 707 F.3d 417, 427 (3d Cir. 2013).

The district court held that Kearns established a prima facie case and for purposes of this analysis we will not address that issue. More importantly, the district court held that Kearns's outburst and the disagreements she had with McCauley provided legitimate and nondiscriminatory reasons for Bristol Township's actions and that no reasonable factfinder could determine that Kearns had met the burden of proof necessary to establish Bristol Township acted with pretext. We agree.

A

At the second step of the *McDonnell Douglas* analysis, Bristol Township can fulfill its burden of production by producing some evidence that would allow a reasonable factfinder to believe that it acted for legitimate and nondiscriminatory reasons.[14] The district court found that the reasons Bristol Township presented satisfied that burden.

Bristol Township advanced several reasons for terminating Kearns's employment: (1) her outburst directed at McCauley, (2) the disagreements she often had with McCauley, and (3) her side-stepping McCauley to authorize payroll payments. Because Bristol Township's burden of production is light and such reasons could be accepted by a reasonable factfinder, the advancement of these reasons satisfies its burden.

McCauley was asked in his deposition whether Kearns was terminated for performance issues and he said "no."[15] Kearns argues that there is a discrepancy between

---

[14] *Willis*, 808 F.3d at 644.
[15] App. 206a.

6

this testimony and Bristol Township's statement of undisputed facts and summary judgment briefing, which argued that Kearns was terminated in part because of her failure to follow management directives and perform certain job functions. Kearns classifies these issues as performance issues and argues that this alleged discrepancy shows a lack of legitimate, nondiscriminatory reasons on the part of Bristol Township for her termination.

Kearns's arguments fail to show that Bristol Township did not produce the slight amount of evidence necessary to meet its burden of production. Her contentions concerning the validity of Bristol Township's reasons are more properly applied to her burden of proving pretext. Therefore, we conclude that Bristol Township satisfied its burden of production by offering legitimate, nondiscriminatory reasons for Kearns's termination.

B

Kearns further argues that the alleged discrepancy about whether she was terminated for performance reasons is indicative of pretext. The first way a plaintiff can prove pretext is by convincing the factfinder that the employer's reasons for termination are "unworthy of credence."[16] Kearns does not deny that she failed to follow instructions concerning seasonal workers' compensation or that she had an outburst directed at McCauley.[17] Instead, she points to the supposed inconsistency in the record as persuasive

---

[16] *Willis*, 808 F.3d at 647.
[17] App. 112a.

evidence of pretext and declines to address the other valid reasons for her termination. Although McCauley stated in his deposition that Kearns was not terminated for performance reasons, Kearns did not ask him any further questions about what he believed the reason was. Kearns's outburst directed at McCauley, repeated disagreements with McCauley about how to run the department, and insubordination are also legitimate reasons for termination. We find that McCauley's answer to the single question about performance, in the absence of any other evidence of age discrimination or pretext, is insufficient for a jury to find Bristol Township's reasons for termination unworthy of credence.

The second way a plaintiff can prove pretext is by presenting sufficient evidence that persuades the factfinder that discrimination was more likely than not a motivating or determinative factor for termination in conjunction with (1) previous discrimination by the employer against the plaintiff; (2) discrimination by the employer against others in the protected class; or (3) more favorable treatment by the employer toward similarly situated, substantially younger individuals.[18]

There is no evidence in the record concerning previous discrimination by Bristol Township against Kearns or others in the protected class. Kearns attempts to argue that Bristol Township treated similarly situated but younger employees more favorably. In her deposition, Kearns argued that she could prove discriminatory pretext by drawing parallels between her treatment and those she claimed are similarly situated. The district

---

[18] *Willis*, 808 F.3d at 645.

court found that the two younger comparators to whom Kearns pointed were not similarly situated in all relevant aspects. Kearns seems to raise this issue again on appeal but reduces the argument to a total of two sentences—placed at opposite ends of her brief—devoid of case law or citations. Although we generally do not consider arguments consisting only of cursory assertions, assuming that this argument is properly raised, we conclude that the district court is correct.[19] The comparators to whom Kearns pointed did not commit infractions as serious as Kearns's, were ultimately removed for their offenses like Kearns, and were not in similar positions of authority. The record shows that these individuals were not similarly situated to Kearns in all relevant aspects. Finally, Kearns points to no evidence beyond these discredited comparators that her termination was due to age.

Kearns's attempt to color Bristol Township's reasons as pretextual is unsuccessful because she fails to point to evidence showing that Bristol Township did not in fact rely upon its stated reasons when terminating her employment.[20] Therefore, assessing the record in the light most favorable to Kearns, we conclude that no reasonable factfinder could find that the legitimate, nondiscriminatory reasons offered by Bristol Township were a pretext for discrimination.

III

---

[19] Fed. R. App. P. 28(a)(8)(A); *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("[A]n argument consisting of no more than a conclusory assertion … will be deemed waived.").

[20] *Fuentes,* 32 F.3d at 66–67.

For the foregoing reasons, we will affirm the judgment of the district court.